**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**LARRY WHITE,**

    **Plaintiff,**

    v.                                                                           CASE NO. 20-3054-SAC

**SALINA, KANSAS, City of, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was housed at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis* (Doc. 5). The Court entered a Memorandum and Order and Order to Show Cause ("MOSC") (Doc. 6) ordering Plaintiff to show good cause by April 27, 2020, why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also given an opportunity to file a proper amended complaint to cure the deficiencies.

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 6, at 9.) The MOSC was mailed to Plaintiff at his current address of record, and was returned with a notation that Plaintiff was not at the facility. (Doc. 7.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to

provide the Court with a Notice of Change of Address, and has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 28, 2020, in Topeka, Kansas.**

>    **s/ Sam A. Crow**
>    **Sam A. Crow**
>    **U.S. Senior District Judge**